STATE OF LOUISIANA

VERSUS

RONALD J. MORGAN

NO. 25-KH-318

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

July 29, 2025

Linda Tran
First Deputy Clerk

**IN RE** RONALD J. MORGAN

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 034931

---

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

Relator, Ronald Morgan, seeks this Court's supervisory review of the trial court's April 30, 2025 ruling which denied his "Emergency Petition for Writ of Habeas Corpus." In his petition, relator argued that he had recently discovered via a public records request for documents from his case that his indictment was defective as it was "not brought into open court" and the grand jury was not polled. On April 30, 2025, the trial court denied relief, finding that relator's petition is governed by the law of post-conviction relief and is untimely under La. C.Cr.P. art. 930.8(A).

In his writ application, relator argues that his claim concerning his defective indictment falls under the "facts not known" exception of La. C.Cr.P. art. 930.8(A)(1). In support of his claim, relator relies on a letter from the 24th Judicial District Court Clerk of Court, dated March 19, 2025, which relator claims establishes that the polling of the grand jury was "not part of the record."

Upon review, we find no error in the trial court's ruling which denied relator's "Emergency Petition for Writ of Habeas Corpus." We find relator's pleading is an application for post-conviction relief that is untimely under La. C.Cr.P. art. 930.8, as relator's convictions and sentences became final in 2011. *See State v. Morgan*, 11-896 (La. 10/21/11), 73 So.3d 381. Relator gives no explanation as to why he did not request documentation regarding the grand jury members who voted for the indictment until 2025. As such, relator does not meet the diligence requirement of La. C.Cr.P. art. 930.8(A)(1).

Furthermore, the letter from the Clerk of Court indicates that relator was provided with the "grand jury entry" from his case. According to the grand jury

report from relator's official record dated September 4, 2003, a copy of which is attached to this disposition, the Jefferson Parish Grand Jury returned an indictment charging relator with aggravated rape and aggravated incest, and the members of the grand jury were polled.  As such, we find relator's claim that the polling of the grand jury was not in the record appears to be a misreading of the Clerk of Court's letter.  Accordingly, notwithstanding La. C.Cr.P. art. 930.8's time bar, we find relator's claim does not warrant relief, and therefore, this writ application is denied.

Gretna, Louisiana, this 29th day of July, 2025.

**JGG**
**MEJ**
**SUS**

# TWENTY-FOURTH JUDICIAL DISTRICT COURT
## GRAND JURY

DATE 09/4/03

JUDGE: Henry Sullivan JR     DIVISION "M"     CR: Pamela Black

A PARTIAL RETURN OF THE JEFFERSON PARISH GRAND JURY.

THE CLERK POLLED THE MEMBER'S OF THE GRAND JURY.

PRESENT WERE:

FOREPERSON -     JOHN BELL
PATRICIA JOHNSON
APRIL SCAFFIDI
MISTY RECHARDSON
JANEL GAUTHIER
DARYL CAMPBELL
MICHAEL ORGERON
MARK DUGAS
DEBRA HOLMES
PAUL FALCONE
MICHAEL BALDASSARO
PAMELA CALZADA
PATRICIA JOHNSON

ABSENT WERE:

After being sworn in and taking the stand, the following report was made by the foreperson, John Bell

03-5613
"H"

ORLAND T. SMITH B/M 3/27/77

A indictment of a true bill for the following charges:

R.S.14:30.1 Second degree murder

HE is are presently being held in Brook Heaven Jail in Mississippi. The State of LA will extradite the Defendant back to LA a $500,000.00 bond on the Defendant was Set. . This was acceptable by the State.

03-4931
"L"

RONALD J. MORGAN B/M 7/8/1967

A indictment of a True Bill for the following charges:

Count 1 R.S. 14:42 AGGRAVATED RAPE
Count 2 R.S. 14:78.1 AGGRAVATED INCEST

The Defendant is presently being held in the JPCC . a Bond was increased on Count 1 from 250,000.00 to 500,000 .00 as to Count 2 a bond was already set at 100,000.00 for a total of 600,000.00 cash comm. Or property, which was acceptable to the State.

     REPRESENTING THE DISTRICT ATTORNEY'S OFFICE WAS ASSISTANT DISTRICT ATTORNEYS, PAUL SCHNEIDER.

IT IS ORDERED BY THE COURT, THAT THE FINDINGS OF THE GRAND JURY OF THIS PARTIAL RETURN BE FILED WITH THE CLERK OF COURT AND THE ACCUSED FOR WHOM A TRUE BILL WAS FOUND BE BROUGHT INTO THE COURT TO BE ARRAIGNED, IF THE ACCUSED FOR WHOM A TRUE BILL WAS FOUND IS NOT IN CUSTODY, LET A WARRANT BE ISSUED FOR THEIR ARREST.

THOSE FOR WHOM A NO TRUE BILL WAS RETURNED, THEIR BOND(S) IS (ARE) CANCELLED, OF ANY, AND THEY ARE TO BE RELEASED FORM CUSTODY OF INCARCERATED.

DEPUTY CLERK

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **07/29/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-318**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Ronald J. Morgan #304727 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426